UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANDRADE RICO,<br><br>  Plaintiff,<br><br>  v.<br><br>SECRETARY OF CDCR, et al.,<br><br>  Defendants. | Case No. 23-cv-02122-PCP<br><br>**ORDER OF DISMISSAL IN PART AND SERVICE IN PART**<br><br>Re: Dkt. No. 16 |

Jorge Rico, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. The Court dismissed Mr. Rico's original complaint with leave to amend. *See* Dkt. No. 13. Mr. Rico thereafter filed an amended complaint. Upon review of the amended complaint under 28 U.S.C. § 1915A, the Court concludes that Mr. Rico has stated a cognizable claim for retaliation against defendants Gonzales and Vaugh and orders service of the amended complaint on those defendants. All other claims and defendants are dismissed without leave to amend.

**I.   Background**

As defendants, Mr. Rico names the Secretary of the California Department of Corrections and Rehabilitation ("CDCR Secretary") in his official capacity; the warden of Pelican Bay State Prison ("PBSP Warden") in his official capacity; mailroom officer Gonzales in her individual capacity; and mailroom officer Vaugh in her individual capacity. *See* Am. Compl. at 2–3.

At all relevant times, Mr. Rico was incarcerated at PBSP. Beginning in 2016, Mr. Rico filed civil rights lawsuits against PBSP employees. *See id*. at 3.

In October and November of 2020, Mr. Rico's incoming and outgoing legal mail was delayed for a week.

On December 10, 2020, a reply brief was filed by defendants in Mr. Rico's Northern District action. Mr. Rico contends that this reply brief was mailed to him and was lost by the mailroom on or around December 14, 2020. Mr. Rico contends that because he did not receive this reply brief, he was prevented from responding to the reply brief. *See id*. Mr. Rico does not state what response he would have made to the reply brief, *see id*., and the Northern District does not permit litigants to respond to reply briefs, *see* Civ. L.R. 7-3(d) (allowing sur-replies only to object to new evidence introduced in the reply brief, or to bring new legal authority to the court's attention).

Mr. Rico filed administrative grievances regarding these mailroom issues. *See* Am. Compl. at 3. Two mailroom officers, defendants Gonzales and Vaugh, interviewed Mr. Rico about his grievances. Mr. Rico contends that these defendants refused to properly investigate his mail-related grievances and asked him not to file grievances against them. *See id*. at 4–5.

After this interview, on May 7, 2021, mail arrived at PBSP from Mr. Rico's attorney. *See id*. at 5. Mr. Rico contends that this mail informed him of an appealable ruling in a case he had pending before the Ninth Circuit. The mail was lost somewhere in the mailroom, and Mr. Rico did not learn of the Ninth Circuit ruling until mid-August 2021. *See id*. at 6 (stating that he learned of the Ninth Circuit ruling sometime between August 16 and 18, 2021). Mr. Rico contends that because of this delay, he lost the ability to appeal the Ninth Circuit ruling to the U.S. Supreme Court. *See id*. at 6–7. A review of the Ninth Circuit docket reveals that two orders were issued around the time Mr. Rico complains of: an order denying a petition for rehearing en banc on April 28, 2021, and a mandate issued on May 6, 2021. *See* Dkt. Nos. 54, 55, *Rico v. Ducart*, Appeal No. 19-15541 (9th Cir. Apr. 28 and May 6, 2021, respectively).

From March 16, 2020 to July 19, 2021, the deadline for filing a petition of writ of certiorari in the U.S. Supreme Court was extended from 90 days to 150 days. This extension applied to any appealable ruling issued within that period. *See* U.S. Supreme Court, Rules and Guidance: Guidance Concerning Clerk's Office Operations, https://www.supremecourt.gov/announcements/COVID-19_Guidance_July_2021.pdf (last visited April 4, 2025). Mr. Rico therefore had until September 26 or October 4, 2021, to appeal the relevant orders.

2

## II. Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Analysis

### A. Defendants Gonzales and Vaugh

Mr. Rico has stated a cognizable retaliation claim against defendants Gonzales and Vaugh, but his mail delay and access-to-the-courts claims fail.

#### 1. Mail delay claim

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison officials have a responsibility to forward mail to inmates promptly. *See Bryan v. Werner*, 516 F.2d 233, 238 (3d Cir. 1975). A temporary delay or isolated incident of delay, however, does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in inspecting mail for contraband).

Mr. Rico complains that he experienced mail delays in October and November of 2020, each of which lasted less than a week. *See* Am. Compl. at 3. Such brief, temporary delays do not state a First Amendment claim. *See Crofton*, 170 F.3d at 961.

#### 2. Retaliation claim

Retaliation is actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v.*

3

*Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Mr. Rico alleges that after he filed grievances, Defendants Gonzales and Vaugh told him not to file grievances or lawsuits against them, and in 2021 several items of his legal mail vanished. *See* Am. Compl. at 4–5. Mr. Rico also alleges that Defendants Gonzales and Vaugh work in the PBSP mail room, which gives them access to his legal mail. *See id.* at 2–3. Mr. Rico identified a constitutionally protected activity (writing grievances), an adverse action (disappearing mail), and connected it to the protected activity. This is sufficient to survive screening, and defendants Gonzales and Vaugh must respond to this claim.

### 3. Access-to-the-courts claim

The deliberate delay of legal mail which adversely affects legal proceedings presents a cognizable claim for denial of access to the courts. *See Jackson v. Procunier*, 789 F.2d 307, 311 (5th Cir. 1986). To claim violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354–55. Here, information provided in the amended complaint, and available through public records, reveals that Mr. Rico was not so hindered.

First, Mr. Rico represents that he never received a reply filed by the defendants in a Northern District of California lawsuit, although this reply was mailed to the prison. *See* Am. Compl. at 4. The previous Northern District action appears to have concerned a due process claim. *See* Dkt. No. 20, *Rico v. Bristow*, Case No. 19-cv-05892-CRB (N.D. Cal. March 9, 2021) (granting defendants' summary judgment motion and summarizing case). Mr. Rico claims that, because he did not receive defendants' reply, this deprived him of the chance to "fil[e] a[]

4

response" to that reply. Am. Compl. at 9.

Under the Northern District's Civil Local Rules, a party may only respond to a reply if the reply introduced new evidence, or if the party needs to bring new legal authority to the court's attention. *See* Civ. L.R. 7-3(d). The reply discussed by Mr. Rico does not introduce any new evidence. *See* Dkt. No. 19, *Rico v. Bristow*, Case No. 19-cv-05892-CRB (N.D. Cal. filed Dec. 10, 2020). The order granting summary judgment in the previous Northern District action does not rely on the reply at all. *See* Dkt. No. 20, *Rico v. Bristow*, Case No. 19-cv-05892-CRB (N.D. Cal. filed March 9, 2021). Finally, Mr. Rico does not identify, and the Court was unable to find, any legal authority helpful to Mr. Rico's due process claim that was issued in the three-month period between the filing of the reply and the granting of summary judgment. Judicially noticeable facts thus show that Mr. Rico suffered no actual injury as a result of not receiving the reply.

Second, Mr. Rico represents that he did not receive a May 7, 2021 letter from his counsel in a Ninth Circuit Court of Appeals lawsuit, which would have informed him of an appealable Ninth Circuit ruling. *See* Am. Compl. at 5, 7. Mr. Rico does not specify which ruling avoided his notice, but court records show that the Ninth Circuit denied Mr. Rico's petition for rehearing en banc on April 28, 2021, and issued its mandate on May 6, 2021. *See* Dkt. Nos. 54–55, *Rico v. Ducart*, Appeal No. 19-15541 (9th Cir.). Mr. Rico contends that defendants' failure to deliver his attorney's letter "hinder[ed] obstruct[ed] and den[ied] [him his] right to appeal that decision." *Id.* at 7. Mr. Rico received information regarding the ruling in a second letter, which he received no later than August 18, 2021. *See id.* at 6.

The loss of his attorney's letter did not deprive Mr. Rico of his chance to appeal the Ninth Circuit's ruling to the United States Supreme Court. From March 16, 2020 to July 19, 2021, the deadline for filing a petition of writ of certiorari in the United States Supreme Court was extended from 90 days to 150 days. *See* U.S. Supreme Court, Rules and Guidance: Guidance Concerning Clerk's Office Operations, https://www.supremecourt.gov/announcements/COVID-19_Guidance_July_2021.pdf (last visited April 4, 2025). This extension applied to any appealable ruling issued within that period, so it applied to both the denial of Mr. Rico's petition for rehearing en banc and to the mandate. Whichever ruling Mr. Rico wished to challenge, he had until

5

September 26 or October 4, 2021, respectively, to appeal it. The amended complaint clearly states that Mr. Rico learned of the ruling at issue no later than August 18, 2021, which left him more than five weeks to file an appeal. *See* Am. Compl. at 6. Because Mr. Rico still could have appealed to the U.S. Supreme Court, he suffered no actual injury from the loss of his attorney's letter.[1]

Because the facts show that Mr. Rico did not suffer an actual injury from the mailroom's failure to transmit any mail, his access-to-the-courts claim fails.

### B. CDCR Secretary and PBSP Warden

The Court previously explained to Mr. Rico that he can only sue defendants who were personally involved in the wrongs perpetrated against him. *See* Dkt. No. 13 at 5–6; *see also Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013) (explaining that liability may only be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the constitutional deprivation).

The amended complaint makes clear that Mr. Rico sues the CDCR Secretary and the PBSP Warden based on their supervisory duties, not because they were personally involved in injuring him. *See* Am. Compl. at 2. "In a § 1983 or a *Bivens* action … each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir. 1984).

Because the amended complaint sues the CDCR Secretary and PBSP Warden merely because they are supervisors, and alleges zero personal involvement by either individual, these defendants must be dismissed.

---

[1] If Mr. Rico's attorney was not aware of the U.S. Supreme Court's extended deadline, that is a matter to raise with the attorney rather than the PBSP mail room.

### IV.     Conclusion

1.     Liberally construed, the amended complaint states a First Amendment retaliation claim against defendants Gonzales and Vaugh. All other claims and defendants are DISMISSED.

2.     The Court orders service of the amended complaint on defendants Gonzales and Vaugh and orders them to respond to Mr. Rico's First Amendment retaliation claim. Service on Gonzales and Vaugh shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") E-Service Program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: The amended complaint and exhibits thereto (Dkt. No. 16), this order of service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on Mr. Rico.

3.     No later than **forty (40) days** after service of this order via email on CDCR, CDCR shall provide the Court a Completed CDCR Report of E-Service Waiver advising the Court whether all defendants will be waiving service of process without the need for service by the United States Marshal Service ("USMS"), or whether any defendant declined to waive service or could not be reached.

4.     CDCR shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for each defendant who is waiving service.

5.     If any defendant does not waive service, then upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons, and the operative complaint for service upon the non-waiving defendant. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6.     No later than **ninety (90) days** from the filing date of this order, defendants shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the Amended Complaint. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules

of Civil Procedure. A motion for summary judgment also must be accompanied by a separate *Rand* notice so that Mr. Rico will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.

7. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he or she shall so inform the Court prior to the date the summary judgment motion is due. Information regarding the Court's Alternative Dispute Resolution Program is available on the website for the United States District Court for the Northern District of California.

8. Mr. Rico's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Mr. Rico is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

9. Defendants **shall** file a reply brief no later than **fourteen (14) days** after Mr. Rico's opposition is filed.

10. All communications by Mr. Rico with the Court must be served on defendants or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. **No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.** Mr. Rico is advised to read Federal Rule of Civil Procedure 37, which requires each party to "in good faith confer[] or attempt[] to confer with" the opposing party regarding a discovery dispute, before seeking court action to resolve such a dispute.

12. It is Mr. Rico's responsibility to prosecute this case. Mr. Rico must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to

do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall update the caption to reflect that only defendants Gonzales and Vaugh remain in this action.

**IT IS SO ORDERED.**

Dated: April 15, 2025

P. Casey Pitts
United States District Judge